Wright, J.,
delivered the opinion of the Court.
The uniform course of decision in North Carolina and Tennessee under the act of 1784, has been that a parol gift or sale of a slave is invalid, as between the parties, when such parol gift or contract of sale is neither accompanied nor followed by the delivery of the slave to the donee .or bargainee.
The authorities as to this are numerous and abundant; but we need only to refer here to Payne v. Lassiter, 10 Yer., 507.
There was no bill of sale, or writing of any kind, *384 made or used in the purchase of the shares of Isaac, Jason, and Thomas McDonald in the slave Martha and her children, by Sells McDonald. Nor did any delivery accompany or follow the sale, which was merely verbal.
It follows, upon well settled principles, that Sells McDonald acquired no title whatever in their shares of these slaves.
Moreover, we think, situated as these slaves were at the time Sells McDonald purchased them, they were incapable of delivery; and that he could only have made a valid purchase or contract, by deed or other writing, and not in parol. The bill charges, and the record abundantly shows, that, at the time of the purchase, the said Isaac, Jason, and Thomas did not have possession of said slaves, but only .an estate in remainder or re-verson therein to the extent of their shares; and that Susan McDonald, the widow of Allen McDonald, had an estate for her life in said slaves, accompanied with their actual possession; and that this life estate continued until long after Sells McDonald’s death, and since the filing the bill in this cause, when Susan McDonald, the tenant for life, died. In this state of the facts it will be ’found by referring to the principles laid down in Payne v. Lassiter, and other authorities, that there could have been no delivery of these slaves, the possession and rights of the tenant for life presenting an insuperable obstacle. Payne v. Lossiter, 10 Yer., 507; Lawrence v. Lawrence, 2 Swan, 141; Hallum v. Yourie, 1 Sneed, 369.
It is not pretended that any attempt at a delivery was made, or that the tenant for life made any surrender of her rights and possession for that purpose. But the reverse is shown in the bill and the proof.
*385 The difficulty of a want of delivery is attempted, in argument, to be obviated from the fact that Sells McDonald lived in the family of his mother, the tenant for life, and exercised some sort of control over her slaves — whether over these particular slaves is not shown. Nor does the nature or extent of his agency in her business precisely appear. But there is nothing in this argument since it is very clear, from this record, that Sells McDonald never had or held possession of these slaves in his character of purchaser, but that the possession was, at all times, in the tenant for life; and whatever he did was as her agent, and in subordination to her estate. Caplinger v. Sullivan, 2 Hum., 548.
The result is, that the Chancellor’s decree will bo reversed.